STATE OF VERMONT

ENVIRONMENTAL COURT

Secretary, Vermont Agency of Natural Resources,　}
　　　　　　　　　　　　　　　　　　　　　　　}
　　　　　　　v.　　　　　　　　　　　　　　　}　　　Docket No. 129-8-03 Vtec
　　　　　　　　　　　　　　　　　　　　　　　}
Fern Hill Farm, Ltd. and Stephen Bromley,　　　}
　　　　Respondents.　　　　　　　　　　　　　}

Decision and Order on Motions for Reconsideration or to Alter

Respondents are represented by John D. Hansen, Esq.; and the Secretary of the Agency of Natural Resources is represented by Gary S. Kessler, Esq.

The Court's January 20, 2006 Decision and Order on the merits of this matter established remedial orders and imposed a monetary penalty, as discussed on pages 14–16 of that decision and imposed on pages 16–17 in the following terms:

> Paragraph A of the Amended Administrative Order is vacated and replaced by the following: On or before March 17, 2006, Respondent Bromley shall pay a penalty of $750 for the open burning violations to the State of Vermont, to be deposited in the general fund pursuant to 10 V.S.A. §8010(e); and on or before March 17, 2006, Respondent Fern Hill Farm, Ltd., shall pay a penalty of $4,500 for the solid waste violation, to be placed in escrow until the work plan required by Paragraph C has been prepared, at which time Respondent may apply for it to be released to pay for the preparation of that work plan, including any necessary investigatory work. Any portion of this penalty remaining in escrow after the preparation of the work plan may be released to pay for any remedial work required under the Amended Administrative Order as modified by this decision and order. Respondents may discuss with the Agency of Natural Resources an alternate payment schedule; if any such schedule is agreed to, the parties may submit it to the Court as an agreed amendment to this order.

The Secretary moved to reconsider, arguing that the $4,500 penalty for the solid waste violations does not qualify as a penalty if it is held in escrow and used for the purposes provided in the order. Respondents opposed that motion, and also moved to

1

reconsider the $750 penalty for the open burning violation, arguing that as Respondent Bromley is not the owner of Fern Hill Farm, he is not responsible for the actions of tenants or contractors on the property.

The Court has fully reexamined and declines to alter the amount or structure of the monetary penalty imposed by the decision, based on the rationale fully explained in the decision, especially at pages 14–16.

As to the violation of §5-201(2) of the Air Pollution Control Regulations, the evidence that Respondent Bromley is the manager and principal of Respondent Fern Hill Farm and was at the property during the open burning event showed sufficient opportunity for him to control the activities of persons on the property to make him responsible for "suffering, allowing or permitting" the open burning violation to take place, even if he did not set the original fires himself.

As to the solid waste violation, the January 20, 2006 Decision and Order made it clear that the Court took into account that the increased cost of investigation and the potential for increased cost of remediation of the site due to the burial of the site and its conversion to cropland resulted in part from delay on the part of the Agency, but that Respondent Fern Hill Farm is ultimately responsible to remedy the improper disposal of waste at the old dump site after July 1, 1991, and in particular due to disposal of construction and demolition debris, as well as household hazardous waste, generated by activities on the property. The Court balanced these aggravating and mitigating factors in providing for the placement of the monetary amount in escrow to secure the added cost of investigative and remedial work due to the burial of the site. If any of the escrowed amount remains after the work is done, or if the work is not done or not commenced, then the remainder is intended to revert to a penalty amount payable to the general fund.

To avoid any confusion about the purpose or structure of the amended Paragraph A of the Amended Administrative Order resulting from the Court's January 20, 2006

2

Decision and Order, we hereby amend that paragraph on pages 16–17 of that Order as follows (deletions shown by strikeout; additions shown in **bold** type):

Paragraph A of the Amended Administrative Order is vacated and replaced by the following:. ~~On or before March 17, 2006~~, **Within 30 days of this Order,** Respondent Bromley shall pay a penalty of $750 for the open burning violations to the State of Vermont, to be deposited in the general fund pursuant to 10 V.S.A. §8010(e)**. Within 30 days of this Order,** ~~; and on or before March 17, 2006,~~ Respondent Fern Hill Farm, Ltd., shall ~~pay a penalty~~ **place the sum** of $4,500 for the solid waste violation~~, to be placed~~ in escrow until the work plan required by Paragraph C has been prepared, at which time Respondent may apply for it to be released to pay for the preparation of that work plan, including any necessary investigatory work. Any portion of this ~~penalty~~ **sum** remaining in escrow after the preparation of the work plan may be released to pay for any remedial work required under the Amended Administrative Order as modified by this decision and order. **Any portion of this sum remaining in escrow after 60 days after completion of the remedial work, or 60 days after Respondent fails to perform any required investigatory or remedial work, shall become a monetary penalty and shall be paid over to the State of Vermont, to be deposited in the general fund pursuant to 10 V.S.A. §8010(e).** Respondents may discuss with the Agency of Natural Resources **whether the Agency, Respondents' attorney, or some other person or entity will act as escrow agent, and may discuss** an alternate payment schedule; if any such schedule **or escrow agent** is agreed to, the parties may submit it to the Court as an agreed amendment to this order.

As described in the final paragraph of the January 20, 2006 Decision and Order, stating the parties' rights of appeal (10 V.S.A. §8012(c)(4) and (5)), the January 20, 2006 Decision and Order, as amended by the Decision and Order issued today, will become final if no appeal is requested within 10 days of receipt of this decision. Respondent and the Secretary of the Agency of Natural Resources have a right to appeal this decision. The procedures for requesting an appeal are found in the Vermont Rules of Appellate Procedure (V.R.A.P.) subject to Vermont Rule for Environmental Court Proceedings

(V.R.E.C.P.) 4(d)(6)(A). Within 10 days of receipt of this Order, any party seeking to file an appeal must file the notice of appeal with the Clerk of this Court, together with the applicable filing fee. Questions may be addressed to the Clerk of the Vermont Supreme Court, 109 State Street, Montpelier, VT 05609-0801, (802) 828-3278. An appeal to the Supreme Court operates as a stay of payment of a penalty, but does not stay any other aspect of an order issued by this Court. 10 V.S.A. §8013(d). A party may petition the Supreme Court for a stay under the provisions of V.R.E.C.P. 4(d)(6)(B) and V.R.A.P. 8.

Done at Berlin, Vermont, this 28th day of April, 2006.

_____
Merideth Wright
Environmental Judge